PAUL RICHTER et al., Respondents, *v.* FIREMAN'S FUND AMERICAN INSURANCE Co., Appellant.

First Department, March 7, 1967.

*Edgar T. Schleider* of counsel (*Robert G. Sheller* with him on the brief; *Edward A. Harmon,* attorney), for appellant.

*Robert M. Ginsberg* for respondents.

*Per Curiam.* Plaintiffs are Connecticut residents who were injured on November 9, 1963 in Putnam, New York, when the car in which they were occupants was struck by a car owned by Hector Ocacio and driven by Pedro Lopez. The offending car bore a New York license plate, and a police officer who came to the scene ascertained that Ocacio and Lopez both had Brooklyn addresses. On February 15, 1965 Ocacio's insurance carrier, the defendant herein, disclaimed responsibility under the policy for any judgment which might be obtained against the insured.

This action has been brought for a judgment declaring the disclaimer invalid.

Defendant never received notice of the accident from its insured. It was given notice on behalf of plaintiffs on October 23, 1964; and the reason for the disclaimer is that the notice was untimely in that it was not given as soon as was reasonably possible (Insurance Law, § 167, subd. 1, par. [d]). We think the reason sound.

Plaintiffs' Connecticut attorney, retained on November 13, 1963, wrote Ocacio on December 2, 1963, and Lopez on December 9, 1963. Each letter concluded, "if you are insured, please turn this letter over to your insurance company." Neither addressee replied, and "some time in the month of February, 1964," the attorney attempted to reach both of them by telephone, without success. He did not communicate with the New York Department of Motor Vehicles. On May 18, 1964, a New York attorney was retained, who on May 27, 1964 wrote to the department in Albany for the motor vehicle accident reports filed by Paul Richter, one of the plaintiffs, by Lopez and by the police officer. He received a reply dated June 24, 1964 to the effect that the records of the accident were not then available. On July 7, 1964 he delivered to a process server a summons and complaint which he had prepared. Lopez was served on July 16, 1964, but the attorney was informed by the process server that Ocacio had moved from his address and left no forwarding address and could not be served. On September 4, 1964 — about 10 months after the accident — not having received an answer or notice of appearance from Lopez, the attorney sent to the department an FS-25 form requesting an insurance information search with reference to Ocacio. On October 9, 1964, or a day or two thereafter, the department supplied the name of the carrier, and the attorney also received a copy of the accident report filed by the police officer, together with the information that no report had been filed by Richter or Lopez. On October 23, 1964 the attorney notified defendant of the accident and of the suit against Lopez.

While plaintiffs were residents of Connecticut, the collision occurred in New York, and Ocacio and Lopez were known to reside in New York. The unanswered letters written to them early in December, 1963 were not followed up by the unavailing telephone calls until some time in February, 1964, and no information was sought from the New York authorities. Not until May 18, 1964 was a New York attorney brought in, and even if we were able to overlook the ineffectual gap between that date and July 16, 1964, a period of six weeks was allowed to slip by

thereafter before the FS-25 form was mailed, and the information it elicited waited some 10 days before use. The doctrine of *Lauritano* v. *American Fid. Fire Ins. Co.* (3 A D 2d 564, affd. 4 N Y 2d 1028), however generously stretched, cannot excuse such a chronology of inactivity. Therefore, defendant is entitled to a judgment declaring its disclaimer valid and that it has no obligation to defend against plaintiffs' claims or to pay them or any judgment thereon.

Accordingly, the judgment in favor of plaintiffs entered on September 20, 1966, should be reversed, on the law and the facts, and judgment granted in favor of defendant as hereinabove provided, with costs and disbursements. Settle order on notice.

BOTEIN, P. J., STEUER, McNALLY and BASTOW, JJ., concur.

Judgment unanimously reversed, on the law and the facts, with $50 costs and disbursements to the appellant, and judgment granted in favor of defendant as provided in the opinion *Per Curiam.* Settle order on notice.